COYLE *v.* O'CONNOR.

TAX SALES—DECREE—JURISDICTION—NONSERVICE OF SUBPŒNA.

A decree of sale in a tax proceeding under the law of 1889 is void where no subpœna was issued to the person to whom the land was assessed, and a subpœna addressed to the person owning the land at the time the proceeding was taken was returned unserved by the sheriff of the county where the land was situated, without having been transmitted for service to the county of which such owner was a resident.

Appeal from Bay; Maxwell, J. Submitted October 4, 1899. Decided October 24, 1899.

Petition by William Coyle against William O'Connor and Roscoe D. Dix, auditor general, to set aside a tax sale. From a decree for petitioner, defendant O'Connor appeals. Affirmed.

*James Donnelly* (*De Vere Hall*, of counsel), for petitioner.

*T. A. E. & J. C. Weadock*, for appellant.

MOORE, J. This is an appeal from a decree vacating a decree for the sale of lands owned by the petitioner for taxes of 1889, and canceling a tax deed owned by defendant O'Connor. The record shows that in April, 1889, Thomas Lee was the owner of the W. ½ of the S. W. ¼ of section 12, in township 13 N., range 5 E., Bay county, which land was assessed to him for the year 1889, and the taxes were extended against the entire 80 acres. October 7, 1889, Mr. Lee sold the south half of said land to the petitioner, who was a resident of Gilchrist, Mackinac county, Mich., and who was so described in the deed given to him, which deed was, on the same day, duly recorded. Mr. Coyle arranged to have his tenant pay the taxes, but

he failed to do so, and the land was returned, and afterwards sold by the auditor general for the taxes, and defendant O'Connor is now the owner of the tax title.

No subpœna was issued, containing the description of land, and served upon Mr. Lee. A subpœna was issued, and directed to the sheriff of Bay county, addressed to the petitioner, containing a description of the land, which was returned personally served. It was made to appear upon the hearing that this return was a mistake, and that no service in fact was made. It is now claimed by the solicitors for respondent that a second subpœna was issued to the sheriff of Bay county, addressed to the petitioner, which subpœna was returned by the officer unserved, for the reason that Mr. Coyle could not be found. While there is mention made in the pleadings of the last-named subpœna, no reference is made to it in the case as settled by the circuit judge, and it does not appear it was offered in evidence. Even though it be considered as properly here, it does not supply the necessary evidence to give the court jurisdiction.

It is urged by the petitioner that a subpœna should have been issued addressed to and served upon Mr. Lee, to whom the land was assessed. It is claimed by the respondent that the attempted service upon Mr. Coyle, who was the owner of the land, supplemented by the published notice, was sufficient to give the court jurisdiction. The record discloses that, when the subpœnas were issued, Mr. Coyle was a resident of this State. The deed, which he recorded in Bay county, described him as a resident of Mackinac county. If he was the person upon whom the subpœna should be served, being a resident of the State, he was entitled, under the law as it then existed, to service of process. When process could not be served upon him in the county where the land was situated, the sheriff should have transmitted the subpœna to the officer living nearest to him; and, if service could not be made, the return of the officer should state why it could not be made. No subpœna addressed to Mr. Coyle was placed for service

in the hands of any officer except a Bay county officer, and no attempt was made to serve Mr. Coyle with process in the county where he lived. As already stated, no subpœna was served upon Mr. Lee, to whom the land was assessed. Taking any view of the case, it is clear the court did not get jurisdiction of Mr. Coyle, and was not authorized to enter the decree for the sale of the lands. *Fowler* v. *Campbell*, 100 Mich. 398; *Taylor* v. *Deveaux*, Id. 581.

The decree is affirmed, with costs of this court·

The other Justices concurred.